UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Terry Tannenbaum, *on his own behalf and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Caliber Home Loans, Inc., *a Delaware corporation*,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**NATURE OF THE ACTION**

1. Plaintiff Terry Tannenbaum brings this suit on behalf of himself and a Class of similarly situated consumers across the nation to challenge Defendant Caliber Home Loans, Inc.'s ("Caliber") practice of disclosing private debt-related information to unauthorized third parties in connection with the collection of the consumers' debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. Section 1692c(b) of the FDCPA states that:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

4. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions.

5. Unfortunately for consumers nationwide, Defendant exceeds its authority and communicates with unauthorized third party vendors in connection with the collection of consumer debt, in violation of the FDCPA.

6. Thus, Plaintiff brings this lawsuit to stop Defendant's practices and to obtain redress for all persons injured by their conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Fair Debt Collections Practice Act, 15 U.S.C. § 1692, *et seq.*, which is a federal statute.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as unlawful practices are alleged to have been directed to this District, Defendant regularly conducts business in this District, and Plaintiff resides in this District.

## PARTIES

9. Plaintiff is a natural person and resident of the State of Florida. Plaintiff resides in and citizens of the State of Florida. Plaintiffs reside in Boca Raton, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a Delaware corporation headquartered in Coppell, Texas. Defendant does business throughout the United States, including in this District.

## FACTUAL BACKGROUND

11. Caliber is Plaintiff's mortgage servicer and has sent Plaintiff multiple correspondence regarding Plaintiff's past-due mortgage balance.

12. This includes letters sent on June 17, 2020, June 18, 2020, and January 4, 2021. Each of these letters contained a statement from Caliber that "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE".

13. Upon information and belief, Caliber did not print and mail these letters itself. Rather, Defendant, in connection with the collection of the debt, provided information regarding Plaintiff and the debt to third-party vendors who did the actual printing and mailing on Defendant's behalf.

14. This is a routine practice of Defendant's. Defendant's own privacy policies state that "Caliber does disclose your personal information to certain third-party vendors that assist with the origination or servicing of your loan" and that Caliber shares consumers' personal information (including social security number, account balances, and payment history) for its "everyday business purposes". (*See* "Caliber Privacy Disclosures," attached hereto as Group Exhibit A.)

15. Unfortunately for Caliber, such sharing of information in connection with the collection of consumer debt violates the FDCPA.

16. Caliber has also communicated with Caneel Group, another third party vendor of Caliber's, regarding Plaintiff's debt. Caneel Group subsequently contacted Plaintiff for loss mitigation purposes. On information and belief, Caliber has maintained consistent communication with Caneel Group regarding Plaintiff's debt up until the present day. Caneel Group contacted Plaintiff's foreclosure counsel as recently as May 10, 2021 and stated it was calling on behalf of Caliber.

## CLASS ALLEGATIONS

17. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

This class action is brought by Plaintiff on behalf of a nationwide Class defined as follows:

> All persons who, (1) from one year prior to the date the initial complaint in this action was filed through the date notice is disseminated, (2) were sent a debt collection communication on behalf of Defendant in connection with the collection of consumer debt (3) that was prepared, mailed, or sent by a third-party vendor.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; and (4) the legal representatives, successors or assigns of any such excluded persons. Plaintiff anticipates that amending the Class Definitions may become necessary following additional discovery.

18. Plaintiff sues on their his own behalf and on behalf of the above-defined Class under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

19. Plaintiff does not know the exact size or identities of the members of the proposed Classes, since such information is in the exclusive control of Defendant.

20. Plaintiff believes that the Class encompasses thousands of individuals whose identities can be readily determined from Defendant's books and records.

21. All members of the respective Class have been subject to and affected by the same conduct. The claims are based on form notices and uniform corporate practices. There are questions of law and fact that are common to the respective Class members that will generate common answers and that are subject to common proof, and predominate over any questions affecting only individual members of the Classes. These questions include, but are not limited to the following:

      a.      Whether Defendants' practice of providing consumer personal information to third party vendors in connection with the collection of debt violates the FDCPA;

      b.      The proper measure of damages; and

      c.      Whether Defendant's conduct with respect to Plaintiff and the other members of the Classes Members can be enjoined as to all of them such that injunctive relief and corresponding declaratory relief are appropriate.

22. Plaintiff's claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both the Plaintiff and the other members of the Class were subject to the same conduct, received the same notices, relied on and were subject to the same corporate practices.

23. Plaintiff will fairly and adequately represent the interests of the Class, are committed to the vigorous prosecution of the claims, and have retained attorneys who are qualified to pursue this litigation and have experience in class actions.

24. This putative class action meets both the requirements of Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3).

25. Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

26. Common issues predominate and are central to the litigation over any perceived individual issues. A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

**COUNT I**
**Violation of the FDCPA 16 U.S.C. 1692, *et. seq.***
**(On behalf of Plaintiffs Individually and the Class)**

27. Plaintiffs re-allege and incorporate the above allegations as if set forth fully herein.

28. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class.

29. Plaintiff is a "consumer" within the meaning of FDCPA § 803(3) because they are natural persons who are allegedly obligated to pay a debt.

30. Defendant is a "debt collector" within the meaning of the FDCPA § 804(6) because their principal business is the collection of debts.

31. Section 1692c(b) of the FDCPA states that:

    Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the

consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

32. Defendant has violated this FDCPA provision by communicating in connection with the collection of consumer debt with third party vendors that are not the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, the attorney of the debt collector, or any other person or entity exempted from this provision by the FDCPA.

33. By communicating with third-party vendors in connection with the collection of the Debt, including by disclosing, among other things, the existence of the Debt, the amount allegedly owed, and the alleged creditor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

34. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally and regarded his personal debt. The harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.")

35. Plaintiff, on behalf of himself and the members of the Class, seeks declaratory judgment that Defendant's actions violate the FDCPA, the maximum statutory damages provided under the FDCPA, actual damages, plus costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** in light of the foregoing, Plaintiff, on behalf of himself and the Class, respectfully prays that the Court enter an Order:

    a. Certifying this action as a Class Action, appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

    b. Entering judgment against Defendant and in favor of Plaintiff and the Class for actual, compensatory, and statutory damages as described herein in amounts to be proven at trial;

    c. Awarding punitive damages against Defendant as permitted;

    d. Awarding injunctive and declaratory relief;

    e. Awarding Plaintiff reasonable attorneys' fees and costs; and

    f. Awarding such additional relief as the Court deems necessary and just.

\*       \*       \*       \*       \*       \*

Dated: May 25, 2021

By: __/s/_____
One of Plaintiff's Attorneys

Ryan S. Shipp
Florida Bar ID 52883
*ryan@shipplawoffice.com*
**Law Office of Ryan S. Shipp, PLLC**
814 Lantana Road, Suite 1
Lake Worth, Florida 33462
Tel: 561.699.0399

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)\*
**Woodrow & Peluso, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the Class*

\* *Pro Hac Vice*