**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 9:21-cv-80929-DMM

Terry Tannenbaum, *on his own behalf and on*
*Behalf of all others similarly situated,*

      Plaintiff,

v.

Caliber Home Loans, Inc., *a Delaware*
*corporation,*

      Defendant.

_____/

**JOINT MOTION TO VACATE THE TRIAL DATE AND TO SET A CLASS**
**CERTIFICATION DISCOVERY AND BRIEFING SCHEDULE**

Plaintiff Terry Tannenbaum ("Plaintiff") and Defendant Caliber Home Loans, Inc. ("Caliber" and together with the Plaintiff, the "Parties"), through their respective counsel, hereby jointly move as follows:

      1.      On May 25, 2021, Plaintiff filed this putative class action against Caliber alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" or "Act"), as interpreted by the Eleventh Circuit's recent decision in *Hunstein v. Preferred Collection & Mgmt. Servs.,* Inc., 994 F.3d 1341 (11th Cir. 2021). (Dkt. 1.)

      2.      Defendant Caliber was served with the summons and complaint on May 26, 2021 (Dkt. 6), which placed its deadline to respond on or before June 16, 2021. The Court subsequently extended Caliber's response deadline to June 30, 2021. (Dkt. 16.)

      3.      On June 3, 2021, the Court issued an Order scheduling the jury trial in this case to commence on February 9, 2022, and ordering the Magistrate Judge to issue a scheduling order

setting all pretrial deadlines. (Dkt. 9.) The Order also requires any requests to modify the trial date to be filed prior to the scheduling conference. (*Id.* at pg. 3.)

4. On June 7, 2021, Judge Matthewman set a scheduling conference for June 15, 2021.

5. On June 8, 2021, counsel for both parties met and conferred regarding their respective views of the case, the current case schedule, and the discovery necessary to prepare for motions for class certification, summary judgment, and trial.

6. Plaintiff alleges that Caliber violated the FDCPA by providing consumer debt information to third party vendors. (Compl. ¶¶ 32-33.) Accordingly, Plaintiff intends to seek evidence relevant to class certification it expects is within the possession of Caliber and/or its vendors. Absent an extension of the existing trial date, the parties will be left with eight months to complete all discovery in this action, fully brief Plaintiff's anticipated motion for class certification, effectuate a notice plan, and file any dispositive motions. The Parties are concerned it is not possible to complete these tasks within eight months.

7. An extension will permit the parties sufficient time to identify all third parties involved, effectuate any subpoenas, and take depositions that may be necessary. By permitting additional time to engage in pre-certification discovery, the Parties will be able to provide a fulsome record upon which this Court can adjudicate class certification.

8. Moreover, the one-way intervention rule, which requires class members to make a determination regarding whether to remain in the class or opt-out prior to a decision on the merits of the case further complicates the schedule. *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252 (11th Cir. 2003) ("'One-way intervention' occurs when the potential members

of a class action are allowed to 'await ... final judgment on the merits in order to determine whether participation [in the class] would be favorable to their interests.'" (citation omitted)). That is, Plaintiff will be required to complete class discovery, fully brief class certification, await a decision, formulate a notice plan (subject to Court approval), and effectuate the notice plan—all prior to filing a motion for summary judgment. Under the current schedule, Plaintiff will likely need to file his motion for class certification within 30 to 60 days to potentially preserve his ability to move for summary judgment.

9. For the reasons set forth above, the Parties respectfully request that the Court vacate the existing trial date and approve the case schedule as set forth below. The proposed schedule is necessary given the current posture of the case and the need for precertification discovery. That is, Caliber has not yet responded to Plaintiff's Complaint and no discovery has taken place.

10. Therefore, the Parties respectfully request that the Court enter a ten (10) month schedule to complete all fact and expert discovery. The first eight months will be devoted to fact discovery and the last two months will be devoted to expert discovery. The deadline to complete discovery would be April 11, 2022. Following the close of this ten-month discovery period, the Parties would brief class certification. Plaintiff's Motion for Class Certification shall be filed no later than April 25, 2022. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pretrial conferences, and the trial.

NOW, THEREFORE, the Parties hereby jointly stipulate and agree, and request the

Court's approval of the following schedule:

    a. Deadline to Amend Pleadings and Add Parties: September 10, 2021;

    b. Plaintiff's Expert Disclosure(s): February 11, 2022;

    c. Caliber's Expert Disclosure(s): March 11, 2022;

    d. Rebuttal Expert Disclosure(s): March 25, 2022;

    e. All Discovery to be Completed: April 11, 2022;

    f. Motion for Class Certification Due: April 25, 2022;

    g. Response to Motion for Class Certification: May 16, 2022;

    h. Reply ISO Motion for Class Certification: May 30, 2022; and

    i. Subsequent Case Management Conference: TBD.

Date: June 14, 2021                Respectfully submitted,

                                            /s/ Ryan S. Shipp
                                          Ryan S. Shipp, Esquire
                                          Florida Bar #52883
                                          ryan@shipplawoffice.com
                                          Law Office of Ryan S. Shipp, PLLC
                                          814 W. Lantana Rd., Suite 1
                                          Lantana, Florida 33462
                                          (561) 699-0399

                                          Steven L. Woodrow
                                          (swoodrow@woodrowpeluso.com)*
                                          Woodrow & Peluso, LLC
                                          3900 East Mexico Ave., Suite 300
                                          Denver, Colorado 80210
                                          Telephone: (720) 213-0675

                                          *Counsel for Plaintiff Terry Tannenbaum*

*Pro Hac Vice*

/s/ Dale A. Evans, Jr.

Dale A. Evans Jr.
Florida Bar Number: 98496
dale.evans@lockelord.com
R. Keith Ustler
Florida Bar Number: 103584
keith.ustler@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive, Suite 215-East
West Palm Beach, Florida 33401
Telephone: 561-833-7700
Facsimile: 561-655-8719

Robert T. Mowrey
rmowrey@lockelord.com
Christopher M. Boeck
cboeck@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: 214-740-8000
Facsimile: 214-740-8800
*Pro Hac Vice*

*Counsel for defendant Caliber Home Loans, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on June 11 2021.

/s/ Ryan S. Shipp