UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80929-Civ-Matthewman

TERRY TANNENBAUM,

    Plaintiff,

vs.

CALIBER HOME LOANS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO TEMPORARILY STAY PENDING MATTER [DE 32]

THIS CAUSE is before the Court upon Defendant's Motion to Temporarily Stay Pending Matter ("Motion"). [DE 32]. Plaintiff responded [DE 36], and Defendant replied [DE 37]. Being fully advised, the Court **ORDERS** as follows.

Plaintiff alleges Defendant violated 15 U.S.C. § 1692c(b) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), which prohibits debt collectors from communicating, in connection with the collection of any debt, with any person other than the consumer, except with the consumer's prior consent or when other exceptions outlined in the statute apply. Plaintiff alleges Caliber violated this provision by utilizing an outside print-and-mail vendor to send correspondence on Caliber's behalf. This suit, like many others, was filed shortly after the Eleventh Circuit Court of Appeals issued its ruling in *Hunstein v. Preferred Collection & Mgmt. Servs.*, Inc., 994 F.3d 1341 (11th Cir. 2021), in which the Eleventh Circuit held as a matter of first impression that a complaint sufficiently alleged a debt collector's electronic disclosure of the borrower's personal information, such as the identity and medical history of the borrower's

child and his outstanding balance, with its third-party dunning vendor violated 15 U.S.C. § 1692c(b).

Defendant now moves to temporarily stay this case, arguing that the Plaintiff's claims depend entirely upon the ruling in *Hunstein*, where there is a pending motion for rehearing en banc. Plaintiff opposes the stay, arguing that Defendant's Motion is premature until the Eleventh Circuit rules on the motion for rehearing en banc.

It appears likely to the Court that the Eleventh Circuit will grant rehearing because the ruling in *Hunstein* has been called into question by the Supreme Court's recent decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021). *See In re FDCPA Mailing Vendor Cases*, CV 21-2312, 2021 WL 3160794, at *5 (E.D.N.Y. July 23, 2021) ("[T]he Supreme Court's decision in *TransUnion* casts significant doubt on the continued viability of *Hunstein*."). In fact, courts have already begun dismissing similar class action claims under the FDCPA founded on communications to a print-and-mail vendor, due to lack of standing based upon footnote 6 of the *TransUnion* decision. *Id.* If rehearing is in fact granted, the Eleventh Circuit's decision on rehearing will assuredly impact this case and others like it.

In the interest of judicial economy and uniformity, the Court thus finds the best course of action here is to stay this case pending a final decision by the Eleventh Circuit in *Hunstein*. A stay also benefits both parties as it will promote the conservation of costs and resources. This is particularly true here, where the case is in its early stages, the previously issued pre-trial schedule [DE 18] has been terminated upon the parties' consent to the exercise of jurisdiction by the undersigned over all further proceedings in this case [DE 25], and the parties do not have a pre-trial schedule or trial date at this time.

Based on the foregoing, the Court **ORDERS AND ADJUDGES** that

1. Defendant's Motion to Temporarily Stay Pending Matter [DE 32] is **GRANTED** and this case shall be **STAYED** pending the final decision in *Hunstein*.

2. The parties shall file an appropriate notice with this Court within five (5) days of the final decision in *Hunstein*. If there is no final decision by November 24, 2021, the parties shall file a Joint Notice advising the Court of the status of the *Hunstein* appeal so that this Court can determine whether the stay should remain in effect.

3. This case shall be **ADMINISTRATIVELY CLOSED,** and all pending motions **DENIED AS MOOT WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers this 24th day of August, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge