UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-80929-MATTHEWMAN

TERRY TANNENBAUM, on his own
behalf and on behalf of all others similarly
situated,

        Plaintiff,

v.

CALIBER HOME LOANS, INC., a
Delaware corporation,

        Defendant.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff Terry Tannenbaum ("Plaintiff") and Defendant Caliber Home Loans, Inc.'s ("Defendant") Joint Notice [DE 58], in which both parties represent that dismissal with prejudice of this case is now appropriate. [DE 58 at 2].

Previously, on January 30, 2023, the Court entered an "Order Denying Without Prejudice Plaintiff's Motion to File Amended Complaint" ("Order") [DE 56]. Within the Order, the Court found that Plaintiff's proposed emended complaint "fail[ed] to establish a 'concrete' or 'real' harm for purposes of Article III standing, as Plaintiff's proposed amended complaint [wa]s lacking allegations concerning publicity, which is a necessary and critical element of the common law comparator tort of public disclosure." [DE 56 at 16]. Therefore, the Court denied Plaintiff's Motion to File Amended Complaint [DE 53], finding the "proposed amended complaint would be futile based on a lack of such allegations." *Id.*

However, the Court's denial was without prejudice because this was "not a situation in which it [wa]s apparent that *any* amendment of the complaint would be futile." *Id.* The Court thus

allowed Plaintiff until February 13, 2023 to file a subsequent motion to amend, "should Plaintiff be able to sufficiently allege that Defendant's disclosure of private information has resulted in the *publicity* of such information." *Id.* at 16–17. The Court noted that, if Plaintiff was unable to do so, dismissal with prejudice of the case may be appropriate. *Id.* at 17.

Thereafter, on February 17, 2023—with no subsequent motion to amend filed—the Court issued the following Paperless Order:

> This matter is before the Court *sua sponte*. In the Court's January 30, 2023 Order Denying Without Prejudice Plaintiff's Motion to File Amended Complaint [DE 56], the Court allowed Plaintiff until February 13, 2023 to remedy the deficiencies identified in his proposed amended complaint. [DE 56 at 17]. The Court stated that, if Plaintiff was unable to do so, dismissal with prejudice may be appropriate. *Id.* It is now February 17, 2023, and Plaintiff has failed to file any proposed amended complaint remedying the deficiencies identified by the Court. Accordingly, in light of the procedural posture of this case, it is hereby ORDERED that, on or before February 24, 2023, the parties shall file a Joint Notice, briefly stating their positions on whether the case should be closed and dismissed with or without prejudice.

[DE 57]. And, on February 24, 2023, the parties filed the requisite Joint Notice [DE 58].

Specifically, in the Joint Notice, Plaintiff states it is his intention to appeal, as he "believes the Court erred in denying his motion for leave to amend and believes his proposed amended complaint adequately pleaded concrete injury and standing post-*Hunstein*." [DE 58 at 2]. Plaintiff therefore maintains that "dismissal with prejudice is appropriate at this time and that the case should be closed." *Id.* Defendant, on the other hand, states that the Court "properly denied leave to amend," and that, "[g]iven [P]laintiff's failure to seek to further amend his complaint pursuant to the Court's Order, . . . dismissal with prejudice is appropriate and the case should be closed." *Id.*

Accordingly, after careful consideration of the parties' positions as stated in the Joint Notice, and after review of the docket in this case, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED WITH PREJUDICE**;

2. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** at West Palm Beach, Palm Beach County, Florida, this 27th day of February, 2023.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge